UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

ELECTRONIC CONTROLLED SYSTEMS, INC.
D/B/A KING CONTROLS,
a Minnesota corporation,

Court File No. 11-106

DSD/JJK

                      Plaintiff,

vs.

WINEGARD COMPANY
an Iowa corporation,

                      Defendant.

**COMPLAINT**
**(Jury Trial Demanded)**

Plaintiff Electronic Controlled Systems, Inc. d/b/a King Controls by and through its counsel, for its Complaint against Defendant Winegard Company, states and alleges as follows:

## PARTIES

1. Plaintiff Electronic Controlled Systems, Inc. d/b/a King Controls (hereinafter referred to as "Plaintiff"), is a Minnesota corporation with its principal place of business at 11200 Hampshire Avenue South, Bloomington, Minnesota 55438. King Controls is the registered assumed name for Electronic Controlled Systems, Inc.

2. Upon information and belief, Defendant Winegard Company (hereinafter referred to as "Defendant") is an Iowa corporation with its principal place of business at 3000 Kirkwood St., Burlington, IA 52601.

SCANNED
JAN 1 4 2011
U.S. DISTRICT COURT MPLS

## JURISDICTION AND VENUE

3. Subject matter jurisdiction is based on 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338, in that this action arises under the laws of the United States (Lanham Act, 15 U.S.C. § 1051, et seq.).

4. Venue lies in this Court pursuant to 28 U.S.C. §§ 1391(b) and (c) as Defendant is subject to personal jurisdiction, does business, and has committed acts of infringement in this district.

## GENERAL ALLEGATIONS

5. Plaintiff makes and sells satellite television antenna products, including a line of antennas bearing the trademark VUQUBE. Plaintiff has invested a significant amount of money to promote its VUQUBE line of satellite television antenna products. Plaintiff also offers for sale certain accessories for use in conjunction with its VUQUBE antennas.

6. Plaintiff is the owner of U.S. Trademark Registration No. 3,442,926 for the trademark VUQUBE (VUQUBE Registration).

7. The VUQUBE Registration is in full force and effect and the trademark and the goodwill of Plaintiff's business in connection with the trademark has never been abandoned. Plaintiff intends to continue to preserve its right with respect to the VUQUBE trademark and the VUQUBE Registration and to use the VUQUBE trademark in connection with the making and sale of VUQUBE antennas and associated accessories.

8. Plaintiff has built considerable goodwill as an innovator and commercial goodwill in the VUQUBE trademark.

9. Plaintiff has neither licensed nor authorized Defendant to use the VUQUBE trademark.

10. Defendant makes and sells a satellite television antenna product under the name "Carryout." Defendant further makes and sells accessories for the "Carryout" antenna, including a tripod mount. The "Carryout" antenna and accessories are sold and distributed throughout the United States, including on the internet, and within this judicial district.

11. In promoting the Carryout antenna and accessories, including on its website and in promotional literature, Defendant repeatedly references Plaintiff's VUQUBE trademark without Plaintiff's authorization of license. Copies of Defendant's website and proportional literature are attached hereto as Exhibits A, B and C.

12. When referring to the VUQUBE antenna, Defendant fails to identify that Defendant is not the manufacturer of VUQUBE antenna products and accessories.

13. When referring to the VUQUBE antenna, Defendant fails to identify that Plaintiff is the manufacturer of VUQUBE antenna products and accessories.

14. When referring to the VUQUBE antenna, Defendant fails to consistently identify that Plaintiff is the owner of the VUQUBE trademark.

15. Defendant's association of the VUQUBE trademark with its "Carryout" antennas and accessories has caused or is likely to cause an average consumer to be confused or deceived about the source of VUQUBE antennas.

16. Defendants repeated and prominent use of the VUQUBE Trademark indicates the confusion has been willful and deliberately sought by Defendant.

## COUNT I
## FEDERAL TRADMARK INFRINGEMENT (15 U.S.C. § 1114 *et seq.*)

17. Plaintiff restates, realleges, and incorporates by reference the allegations set forth in paragraphs 1 through 16.

18. Plaintiff has used the VUQUBE trademark in commerce as defined by the Lanham act.

19. Defendants unauthorized and unlicensed use of Plaintiff's VUQUBE trademark described above has or is likely to cause confusion in the minds of the purchasing public and falsely creates the impression that Defendant and its products are authorized by, approved by, sponsored by, or connected with Plaintiff.

20. By its actions, Defendant is in violation of 15 U.S.C. § 1114(1).

21. Plaintiff has been damaged as a result of Defendant's actions.

## JURY DEMAND

22. Pursuant to FED. R. CIV. P. 38(b), Plaintiff requests a trial by jury.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for relief as follows:

A.      That a preliminary and permanent injunction be issued enjoining Defendant from infringing the VUQUBE trademark;

B.      A judgment requiring that Defendant account to Plaintiff for all profits and damages resulting from Defendant's infringing activities, and that the award be trebled;

C.      A judgment award to Plaintiff of pre-judgment and post-judgment interest on Plaintiff's damages as allowed by law;

D.      A judgment that Defendant be ordered to pay the cost of the action and Plaintiff's reasonable attorney fees; and

E.      Any other relief this Court may deem just and appropriate.

Respectfully submitted,

SKAAR ULBRICH MACARI, P.A.

Dated: January 14, 2011        By: _____
Randall T. Skaar (#165,013)
Scott G. Ulbrich (#305,947)
601 Carlson Parkway
Suite 1050
Minnetonka, MN 55305
Telephone: (612) 216-1700
Facsimile: (612) 234-4465
skaar@sumiplaw.com
ulbrich@sumiplaw.com

ATTORNEYS FOR PLAINTIFF
ELECTRONIC CONTROLLED SYSTEMS, INC.
D/B/A KING CONTROLS